11-128-cr
United States v. Chen

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of July, two thousand twelve,

Present:      PIERRE N. LEVAL,
              ROSEMARY S. POOLER,
              CHRISTOPHER F. DRONEY,
                        *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

              -v-                                        11-128-cr

XUE BIN CHEN,

                        *Defendant-Appellant*.

_____

Appearing for Appellant:      Lawrence Gerzog, New York, N.Y.

Appearing for Appellee:       Janis M. Echenberg, Assistant United States Attorney (Brent S. Wible, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Marrero, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Xue Bin Chen appeals from her conviction, following a jury trial, for conspiring to evade federal immigration law. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"The trial court's evidentiary rulings, including . . . its assessment that the probative value of relevant evidence is not substantially outweighed by the danger of unfair prejudice, are reviewed only for an abuse of discretion." *United States v. Khalil*, 214 F.3d 111, 122 (2d Cir. 2000) (citation and internal quotation marks omitted).

We do not believe that the trial court abused its discretion by permitting the government to introduce evidence at trial relating to statements made by Chen's husband. The husband's statements showed how and why Chen's attitude changed from one of denial to admission of her guilt.

Furthermore, we are unable to conclude that the district court improperly prevented Chen from cross-examining a government witness regarding his having been involved in a prior disciplinary investigation. *See Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) ("[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.").

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2